**ILLINOIS CENTRAL GULF RAILROAD COMPANY, Plaintiff,**

v.

**Gerald D. BAIR, Director of the Department of Revenue of Iowa, Defendant.**

Civ. No. 83–147–C.

United States District Court, S.D. Iowa.

Dec. 20, 1985.

Frank W. Davis, Jr., Gamble, Riepe, Webster, Davis & Green, Des Moines, Iowa, for plaintiff.

. Thomas Miller, Iowa Atty. Gen., Gerald A. Kuehn, Asst. Atty. Gen., for defendant.

FINDINGS OF FACT, CONCLUSIONS OF LAW, DECLARATORY JUDGMENT, PERMANENT INJUNCTION AND ANCILLARY RELIEF

STUART, District Judge.

This matter is before the Court on the request of the parties for final relief in this case based upon prior .decisions of this Court in the case of *Burlington N. R.R. v. Bair,* Civil No. 83–100–A *[BN* case]. See, 584 F.Supp. 1229 (S.D.Iowa 1984), *aff'd. and remanded,* 766 F.2d 1222 (8 Cir.1985). The issue in this case is the personal property tax issue involved in the *BN* case. Plaintiff Illinois Central Gulf Railroad Company [ICG] seeks declaratory and injunctive relief. The parties have submitted their Stipulation of Relevant Facts which is attached hereto and marked Appendix 1.

Based upon the pleadings and the Stipulation, the Court makes the following findings of fact:

*Findings of Fact*

1. The Court accepts and finds as facts herein the facts contained in Appendix 1. Appendix 1 is incorporated herein by reference.

2. The Court finds that, based upon the findings and conclusions in the *BN* case, the correct 1983 assessment and actual value for the rail transportation property of the ICG which is subject to valuation and assessment by the Director should be and is $8,886,160.

3. The Court finds that, based upon the findings and conclusions in the *BN* case, the correct 1984 assessment and actual value for the rail transportation property of the ICG which is subject to valuation and assessment by the Director should be and is $13,255,699.

Based upon the foregoing, the Court makes the following conclusions of law:

*Conclusions of Law*

1. The Court has jurisdiction over the subject matter hereof pursuant to the provisions of 49 U.S.C. § 11503, 28 U.S.C. § 1337 and 28 U.S.C. § 1331.

2. The Court has jurisdiction over the parties hereto.

3. The ICG is a "rail carrier providing transportation subject to the jurisdiction of the Commission under subchapter I of Chapter 105" of the Interstate Commerce Act, 49 U.S.C. §§ 10101, *et seq.*

4. The real and personal property of the ICG which is subject to valuation and assessment by the Director pursuant to the provisions of Iowa Code ch. 434 is "rail transportation property", as that phrase is defined in 49 U.S.C. § 11503; the Director performs an "assessment", as that word is defined in 49 U.S.C. § 11503, with respect to such property; and the State of Iowa is an "assessment jurisdiction", as that phrase is defined in 49 U.S.C. § 11503, with respect to such property.

5. For the reasons stated in the Ruling and Order on Personal Property Taxation Issue entered by this Court on April 20, 1984, in the *BN* case, [584 F.Supp. 1229],

the Court concludes that, to the extent that the 1983 assessment of the rail transportation property of the ICG by the Director exceeds $8,886,160, the same unreasonably burdens and discriminates against interstate commerce in violation of 49 U.S.C. § 11503(b) and results in the imposition of a tax that discriminates against the ICG in violation of 49 U.S.C. § 11503(b)(4).

6. For the reasons stated in the Ruling and Order on Personal Property Taxation Issue entered by the Court on April 20, 1984, in the *BN* case [584 F.Supp. 1229], the Court concludes that, to the extent the 1984 assessment of the rail transportation property of the ICG by the Director exceeds $13,255,699, the same unreasonably burdens and discriminates against interstate commerce in violation of 49 U.S.C. § 11503(b) and results in the imposition of a tax that discriminates against the ICG in violation of 49 U.S.C. § 11503(b)(4).

Based upon the foregoing, the Court enters the following declaratory judgment herein:

### Declaratory Judgment

IT IS ORDERED, ADJUDGED, DECREED AND DECLARED as follows:

1. To the extent that the 1983 assessment of the rail transportation property of the ICG by the Director exceeds $8,886,160, the same is null, void and of no force and effect. The 1983 revised assessment of the rail transportation property of the ICG is declared to be $8,886,160.

2. To the extent that the 1984 assessment of the rail transportation property of the ICG by the Director exceeds $13,255,-699, the same is null, void and of no force and effect. The 1984 revised assessment of the rail transportation property of the ICG is declared to be $13,255,699.

Based on the foregoing, the Court enters the following permanent injunction herein:

### Permanent Injunction

IT IS ORDERED, ADJUDGED AND DECREED as follows:

1. The Director is permanently enjoined from doing, or causing to be done, any act under the provisions of Iowa Code ch. 434 which would result in the valuation and/or assessment of the rail transportation property of the ICG for the year 1983 in excess of the amount of $8,886,160 or which would result in the valuation and/or assessment of the rail transportation property of the ICG for the year 1984 in excess of the amount of $13,255,699.

2. The Director shall forthwith transmit to the County Auditor of each county in which the rail transportation property of the ICG was located for the assessment year 1983 a revised statement showing the length of the main track within each such county, and the assessed value per mile of the same, as fixed by a ratable distribution per mile of an assessed value of the whole property of ICG.

3. The Director shall forthwith transmit to the County Auditor of each county in which the rail transportation property of the ICG was located for the assessment year 1984 a revised statement showing the length of the main track within each such county, and the assessed value per mile of the same, as fixed by a ratable distribution per mile of an assessed value of the whole property of ICG.

4. Upon receipt by the County Auditors of the revised statements required by paragraphs 2 and 3 hereof, they will forthwith present the same to their respective boards of supervisors in accordance with the provisions of Iowa Code § 434.22 and cause the same to be transmitted to their respective County Treasurers in accordance with the provisions of Iowa Code § 331.512(7).

5. Upon receipt by the County Treasurers of the revised statements required by paragraphs 2 and 3 hereof in accordance with the procedures described in paragraph 4 hereof, the County Treasurers shall forthwith cause to be prepared revised tax statements for the rail transportation property of the ICG located within their county for first half 1983 taxes, second half 1983 taxes and first half 1984 taxes. In no event shall the revised tax statements for

1983 taxes show amounts due in excess of 63.51% of the amounts originally billed, nor shall the revised tax statements for 1984 show amounts due in excess of 72.08% of the amounts originally billed. All revised tax statements shall reflect credits for amounts previously paid by the ICG. No revised tax statement shall contain any claim for interest or penalty. Revised tax statements for second half 1984 taxes shall be prepared and rendered in similar fashion.

6. The County Treasurers of each county in which rail transportation property of the ICG was located for the years 1983 and 1984 are permanently enjoined from doing, or causing to be done, any act which would result in the collection, or claim for collection, of any taxes on the rail transportation property of the ICG located in their respective counties in excess of 63.51% of the amounts originally billed for 1983 or 72.08% of the amounts originally billed for 1984. The County Treasurers are further permanently enjoined from doing, or causing to be done, any act which would result in the collection, or claim for collection, of any interest or penalty on any of the taxes specified herein except for the collection of interest on funds deposited in the Registry of the Court as hereinafter provided.

Based on the foregoing, the Court enters the following orders pertaining to ancillary relief herein.

*Ancillary Relief*

IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. The Clerk of this Court is directed to make the following disposition of monies deposited in the Registry of the Court:

a. Monies presently invested in certificates of deposit will not be reinvested and will be returned to the Registry at maturity.

b. Monies deposited in the Registry pursuant to the Consent Preliminary Injunction entered herein on September 20, 1984, shall be distributed as follows:

i. At maturity, the Clerk shall pay $27,005.50 in principal and $2,851.26 in accrued interest thereon to the ICG to be distributed to the County Treasurers.

ii. At maturity, the Clerk shall distribute $53,109.08 in principal and $5,607.27 in accrued interest thereon to the ICG. A check in the amount of $58,716.35 payable to the ICG shall be delivered to its counsel of record.

c. Monies deposited in the Registry pursuant to the Consent Preliminary Injunction entered herein on March 20, 1985, shall be distributed as follows:

i. At maturity, the Clerk shall pay $27,005.50 in principal and $1,519.92 in accrued interest thereon to the ICG to be distributed to the County Treasurers.

ii. At maturity, the Clerk shall distribute $53,109.08 in principal and $2,989.09 in accrued interest thereon to the ICG. A check in the amount of $56,098.17 payable to the ICG shall be delivered to its counsel of record.

d. Monies deposited in the Registry pursuant to the Consent Preliminary Injunction entered herein on September 27, 1985, shall be distributed as follows:

i. At maturity, the Clerk shall pay $15,111.07 in principal and $266.62 in accrued interest thereon to the ICG to be distributed to the County Treasurers.

ii. At maturity, the Clerk shall distribute $50,669.93 in principal and $894.01 in accrued interest thereon to the ICG. A check in the amount of $51,563.94 payable to the ICG shall be delivered to its counsel of record.

e. The money paid by the ICG to the County Treasurers shall be subject to the following:

i. All taxes paid shall be considered to be timely paid pursuant to Iowa Code ch. 445 with no interest or penalty due or claimed thereon.

ii. All taxes paid shall not be considered to be delinquent for purposes of Iowa Code § 307.29 or any other purpose.

iii. The County Treasurers shall issue to the ICG receipts which show that all taxes for the period or periods involved are paid in full.

iv. The County Treasurers shall release any liens asserted by reason of the non-payment or partial payment of taxes for the period or periods involved.

2. Upon the filing hereof, the Director shall cause each of the counties affected hereby of the entry hereof by mailing a copy hereof to the County Treasurers of such counties.

3. Upon the filing hereof, the Clerk shall enter final judgment on the Declaratory Judgment and the Permanent Injunction provided herein. No costs will be taxed to any party.

4. To the extent that the contents hereof are inconsistent with the Consent Preliminary Injunctions previously entered herein, said Consent Preliminary Injunctions are hereby modified accordingly.

## APPENDIX 1

### STIPULATION OF RELEVANT FACTS

COME NOW the parties hereto, by their respective counsel of record, and, for purposes of the pending litigation only, stipulate and agree as follows:

#### General

1. At all times material, the Illinois Central Gulf Railroad Company [ICG] was a common carrier by railroad engaged in the interstate and intrastate transportation of freight for hire and the furnishing of services in connection therewith.

2. At all times material, the ICG was subject to the provisions of the Interstate Commerce Act, 49 U.S.C. §§ 10101, *et seq.*, and, in particular, the provisions of 49 U.S.C. § 11503, also known as "Section 306".

3. At all times material, the ICG owned or used real and personal property which was "rail transportation property" under Section 306.

4. At all times material, certain rail transportation property of the ICG was subject to "assessment", as that word is defined in Section 306, by the Iowa Department of Revenue [Department], acting as an "assessment jurisdiction", as that phrase is defined in Section 306, pursuant to the provisions of Iowa Code ch. 434.

5. At all times material, the Director of the Department [Director] was responsible for determining the actual value of the rail transportation property of the ICG which was subject to taxation within the State of Iowa in accordance with the provisions of Iowa Code ch. 434 and, in particular, the provisions of Iowa Code § 434.15.

6. At all times material, the valuation of the real rail transportation property of the ICG subject to assessment by the Director was subject to the limitation contained in Iowa Code § 441.21(6). In 1983, that limitation was 91.7230% and, in 1984, that limitation was 95.4242%.

7. At all times material, the valuation of the personal rail transportation property of the ICG subject to assessment by the Director was subject to the valuation limitation contained in Iowa Code § 427A.11. For the years 1983 and 1984, that limitation was 33% of actual value.

8. At all times material, the assessed value of the personal rail transportation property of the ICG subject to assessment by the Director was eligible for the personal property tax credit provided in Iowa Code ch. 427A. In the years 1983 and 1984, the available personal property tax credit was $175,000.

#### 1983 Assessment

9. The Director, acting under the provisions of Iowa Code ch. 434, determined that the 1983 actual value of the rail transportation property of the ICG subject to assessment in the State of Iowa was $15,254,000 before equalization. In determining the 1983 assessment, the Director did not distinguish between real and personal rail transportation property.

10. In 1983, the rail transportation property of the ICG which was subject to valuation and assessment by the Director was composed of 44.96% real property, or $6,858,198, and 55.04% personal property, or $8,395,802.

11. Application of the limitation contained in Iowa Code § 441.21(6) to the actual value of the real property of the ICG would reduce the 1983 actual value thereof to $6,290,545.

12. Application of the valuation limitation contained in Iowa Code § 427A.11, and the personal property tax credit contained in Iowa Code ch. 427A, to the actual value of the personal property of the ICG would reduce the 1983 actual value thereof to $2,595,615.

13. The combination of the reduced 1983 actual values of the ICG real and personal property would result in a revised 1983 assessment for the ICG of $8,886,160.

### First Half 1983 Taxes

14. On September 26, 1984, the Court entered its Consent Preliminary Injunction and Order Granting Leave to Deposit Money into the Registry of Court in this case enjoining the County Treasurers of the counties in which the ICG operated from collecting more than 44.96% of the first half 1983 taxes (based on the 1983 assessment) due on or before September 30, 1984, and directing the ICG to deposit the balance of said taxes in the Registry of the Court.

15. Under the Consent Preliminary Injunction, the ICG paid $65,442.50 to the County Treasurers and $80,114.58 to the Registry.

16. The County Treasurers billed the ICG a total of $145,557.08 for first half 1983 taxes based on the 1983 assessment. In the event that the revised 1983 assessment is approved, the revised 1983 first half taxes due from the ICG will be $92,-448.00. First half 1983 taxes originally billed by the County Treasurers, but not owed under the 1983 revised assessment, would be $53,109.08. The ICG has already paid $65,442.50 of the revised amount to the County Treasurers and there would be a balance due to the County Treasurers of $27,005.50 on account of first half 1983 taxes from funds in the Registry, plus an allocated share of the interest accrued thereon equal to $2,851.26. The ICG would be entitled to the remaining $53,109.08 in the Registry, plus the balance of the interest in the amount of $5,607.27, or a total of $58,716.35.

### Second Half 1983 Taxes

17. On March 20, 1985, the Court entered its Consent Preliminary Injunction and Order Granting Leave to Deposit Money into the Registry of Court in this case enjoining the County Treasurers of the counties in which the ICG operated from collecting more than 44.96% of the second half 1983 taxes (based on the 1983 assessment) due on or before March 31, 1985, and directing the ICG to deposit the balance of said taxes in the Registry of the Court.

18. Under the Consent Preliminary Injunction, the ICG paid $65,442.50 to the County Treasurers and $80,114.58 to the Registry.

19. The County Treasurers billed the ICG a total of $145,557.08 for second half 1983 taxes based on the 1983 assessment. In the event that the revised 1983 assessment is approved, the revised 1983 second half taxes due from the ICG will be $92,-448.00. Second half 1983 taxes originally billed by the County Treasurers, but not owed under the 1983 revised assessment, would be $53,109.08. The ICG has already paid $65,442.50 of the revised amount to the County Treasurers and there would be a balance due to the County Treasurers of $27,005.50 on account of second half 1983 taxes from funds in the Registry, plus an allocated share of the interest accrued thereon equal to $1,519.92. The ICG would be entitled to the remaining $53,109.08 in the Registry, plus the balance of the interest in the amount of $2,989.09, or a total of $56,098.17.

*1984 Assessment*

20. The Director, acting under the provisions of Iowa Code ch. 434, determined the 1984 actual value of the rail transportation property of the ICG subject to assessment in the State of Iowa was $19,254,000 before equalization. In determining the 1984 assessment, the Director did not distinguish between real and personal rail transportation property.

21. In 1984, the rail transportation property of the ICG which was subject to valuation and assessment by the Director was composed of 58.88% real property or $11,336,755, and 41.12% personal property, or $7,917,245.

22. Application of the limitation contained in Iowa Code § 441.21(6) to the actual value of the real property of the ICG would reduce the 1984 actual value thereof to $10,818,008.

23. Application of the valuation limitation contained in Iowa Code § 427A.11, and the personal property tax credit contained in Iowa Code ch. 427A, to the actual value of the personal property of the ICG would reduce the 1984 actual value thereof to $2,437,691.

24. The combination of the reduced 1984 actual values of the ICG real and personal property would result in a revised 1984 assessment for the ICG of $13,255,699.

*First Half 1984 Taxes*

25. On September 27, 1985, the Court entered its Consent Preliminary Injunction and Order Granting Leave to Deposit Money into the Registry of Court in this case enjoining the County Treasurers of the counties in which the ICG operated from collecting more than 64.13% of the first half 1984 taxes (based on the 1984 assessment) due on or before September 30, 1985, and directing the ICG to deposit the balance of said taxes in the Registry of the Court.

26. Under the Consent Preliminary Injunction, the ICG paid $120,865.18 to the County Treasurers and $65,781.00 to the Registry.

27. The County Treasurers billed the ICG a total of $188,649.00 for first half 1984 taxes based on the 1984 assessment. In the event that the revised 1984 assessment is approved, the revised 1984 first half taxes due from the ICG will be $135,976.25. First half 1984 taxes originally billed by the County Treasurers, but not owed under the 1984 revised assessment, would be $52,672.75, less an adjustment of $2,002.82, or $50,669.93. The ICG has already paid $120,865.18 of the revised amount to the County Treasurers and there would be a balance due to the County Treasurers of $15,111.07 on account of first half 1984 taxes, plus an allocated share of the interest accrued thereon of $266.62. The ICG would be entitled to the remaining $50,669.93 deposited in the Registry, together with the interest accrued thereon of $894.01, or a total of $51,563.94.

*Second Half 1984 Taxes*

28. The County Treasurers have or will bill the ICG a total of $188,649.00 for second half 1984 taxes due on or before March 31, 1986, based on the 1984 assessment. In the event that the revised 1984 assessment is approved, the revised 1984 second half taxes due from the ICG will be $135,976.25. Second half 1984 taxes originally billed by the County Treasurers, but not owed under the 1984 revised assessment, would be $52,672.75. The ICG would owe the County Treasurers second half 1984 taxes of $135,976.25 on or before March 31, 1986.

29. Appendix A, including Exhibits A, B, C, D and E attached thereto, is attached hereto and incorporated herein by reference. Appendix A, including its exhibits, shows the computations for the figures used herein.

Dated this <u>20</u> day of December, 1985.

/s/ Frank W. Davis, Jr.
FRANK W. DAVIS, JR.
2600 Ruan Center
Des Moines, Iowa 50309
Attorney for Plaintiff

/s/ Harry M. Griger           Attorney for Defendant
Assistant Attorney General
Hoover State Office Building
Des Moines, Iowa 50319

## APPENDIX A

### ILLINOIS CENTRAL GULF RAILROAD COMPANY

A. First Half 1983 Taxes Due September 30, 1984

| | | | |
|---|---|---|---|
| 1. | Taxes Originally Levied (Shown in Connection with Exhibit A, Line 5 ÷ 2).* | | $145,557.08 |
| 2. | Less: Revised Tax Due (Exhibit A, Line 6 ÷ 2). | | $ 92,448.00 |
| 3. | Taxes Not Owed (Line A.1., Less Line A.2.). | | $ 53,109.08 |

| | | | |
|---|---|---|---|
| 4. | Revised Tax Due (Line A.2.). | | $ 92,448.00 |
| 5. | Less: Paid to Counties (Exhibit A, Line 7a ÷ 2). | | $ 65,442.50 |
| 6. | Due to Counties (Line A.4., less Line A.5.). | | $ 27,005.50 |

| | | | |
|---|---|---|---|
| 7. | Paid to Court Registry September 28, 1984 | | $ 80,114.58 |
| 8. | Plus: Interest Accrued on Registry Funds to December 28, 1985 (Exhibit B). | | $ 8,458.53 |
| 9. | Total Registry Funds to be Accounted For (Line A.7., plus Line A.8.). | | $ 88,573.11 |
| 10. | Less: Due to Counties from Court Registry: | | |
| | a. Taxes Due (Line A.6.). | $27,005.50 | |
| | b. Plus: Share of Accrued Interest (33.71%) [$27,005.50 ÷ $80,114.58 × $8,458.53]. | $ 2,851.26 | |
| | c. Due Counties | $29,856.76 | $ 29,856.76 |
| 11. | Due to ICG: | | |
| | a. Taxes Not Due (Line A.3.). | $53,109.08 | |
| | b. Plus: Share of Accrued Interest (66.29%) [$53,109.08 ÷ $80,114.58 × $8,458.53]. | $ 5,607.27 | |
| | c. Due ICG: | $58,716.35 | $ 58,716.35 |

B. Second Half 1983 Taxes Due March 31, 1985

| | | | |
|---|---|---|---|
| 1. | Taxes Originally Levied (See, Line A.1.). | | $145,557.08 |
| 2. | Less: Revised Tax Due (See, Line A.2.). | | $ 92,448.00 |
| 3. | Taxes Not Owed (See, Line A.3.). | | $ 53,109.08 |

| | | | |
|---|---|---|---|
| 4. | Revised Tax Due (Line B.2.). | | $ 92,448.00 |

5. Less: Paid to Counties
   (Exhibit A, Line 7a ÷ 2).                                    $ 65,442.50
6. Due to Counties
   (Line B.4., less Line B.5.).                                 $ 27,005.50

7. Paid to Court Registry March 29, 1985
   (Exhibit C).                                                 $ 80,114.58
8. Plus: Interest Accrued on Registry Funds to
   December 29, 1985
   (Exhibit C).                                                 $  4,509.01
9. Total Registry Funds to be Accounted For
   (Line B.7., plus Line B.8.).                                 $ 84,623.59
10. Less: Due to Counties from Court Registry:
    a.   Taxes Due
         (Line B.6.).                            $27,005.50
    b.   Plus: Share of Accrued Interest (33.71%)
         [$27,005.50 ÷ $80,114.58 × $4,509.01].  $ 1,519.92
    c.   Due Counties                            $28,525.42    $ 28,525.42
11. Due to ICG:
    a.   Taxes Not Due
         (Line B.3.).                            $53,109.08
    b.   Plus: Share of Accrued Interest (66.29%)
         [$53,109.08 ÷ $80,114.58 × $4,509.01].  $ 2,989.09
    c.   Due ICG:                                $56,098.17    $ 56,098.17

C. First Half 1984 Taxes Due September 30, 1985
   1. Taxes Originally Levied                                   $188,649.00
   2. Less: Revised Tax Due
      (Exhibit D, Line 6 ÷ 2).                                  $135,976.25
   3. Taxes Not Due
      (Line C.1., less Line C.2.).                              $ 52,672.75

   4. Revised Tax Due
      (Line C.2.).                                              $135,976.25
   5. Less: Paid to Counties
      (Per Statements).                                         $120,865.18
   6. Due to Counties
      (Line C.4., less Line C.5.).                              $ 15,111.07

   7. Paid to Court Registry September 30, 1985
      (Exhibit E).                                              $ 65,781.00
   8. Plus: Interest Accrued on Registry Funds to
      January 1, 1986
      (Exhibit E).                                              $  1,160.63
   9. Total Registry Funds to be Accounted for
      (Line C.4., plus Line C.5.).                              $ 66,941.63

10. Less: Due to Counties from Court Registry
   a. Taxes Due
      (Line C.6.)      $15,111.07
   b. Plus: Share of Accrued Interest (22.97%)
      [$15,111.07 ÷ $65,781.00 × $1,160.63]      $ 266.62
   c. Due Counties:      $15,377.69    $ 15,377.69

11. Due to ICG:
   a. Taxes Not Due
      (Line C.3.—$2,002.82      $50,699.93
   b. Plus: Share of Accrued Interest (77.03%)
      [$50,669.93 ÷ $65,781.00 × $1,160.63].      $ 894.01
   c. Due ICG:      $51,563.94    $ 51,563.94

## Summary

| | |
|---|---|
| Due to Counties:<br>(Line A.10.c., plus<br>Line B.10.c., plus Line C.10.c.). | $ 73,759.87 |
| Due to ICG:<br>(Line A.11.c., plus<br>Line B.11.c., plus Line C.11.c.). | $166,378.46 |
| Total in Court Registry as of January 1, 1986:<br>(Line A.9., plus<br>Line B.9., plus Line C.9.). | $240,138.33 |

* Exhibit A shows number rounded.

## EXHIBIT A

### ILLINOIS CENTRAL GULF

1983 Revised Iowa Railroad Operating Property Assessment
RE: Personal Property Relief In The State of Iowa

1. 1983 Assessment (Before Equalization)      $15,254,000
   Personal Property % (See Attached Exhibit)      55.04%
   Personalty      $ 8,395,802
   Realty      6,858,198
   Total      $15,254,000

2. Personalty With Rollback      $ 8,395,802
   (100%—67%=33%)      33%
        $ 2,770,615
   Less: Exemption      (175,000)
   Taxable Personalty      $ 2,595,615

3. Real Property      $ 6,858,198
   Assessment Limitation      91.7230%
   Taxable Real Property      $ 6,290,545

4. Personalty (From No. 2)      $ 2,595,615
   Realty (From No. 3)      6,290,545
   Revised Assessment      $ 8,886,160

5. Effective Tax Rate      2.08072%
   Total Taxes Levied by Counties, divided by
   Total Assessed Value taxed by Counties
   (291,114 ÷ 13,991,000)

6. Revised Tax (No. 4 × No. 5)      $ 184,896

7. Taxes Paid:
    a.  Counties                               $  130,885
    b.  Court                                   160,229
    c.  Total Taxes Paid              $  291,114

8. Refund Due
    a.  Court Registry (No. 7(b))      $  160,229
        Less: Paid to Counties (No. 7(a))

Subtotal                             $   54,011

    b.  Less: Due to Counties (No. 6—No. 7(a))
    c.  Refundable                   $  106,218

ASSESSMENT YEAR 1983

ILLINOIS CENTRAL GULF

Real vs. Personal Property

Allocation Using Schedules 200, 335 and 352 A and B

(Figures Expressed in Thousands)

| | | Investment Schedule (1) | Depreciation | Depreciated Costs | % of Total |
|---|---|---|---|---|---|
| I. | Total Original Cost | | | | |
| | A. Road and Equipment | $ 1,512,141 | $ 320,054 | $ 1,192,087 | |
| | B. Materials and Supplies (Account 712) | 57,083 | 0 | 57,083 | |
| | C. Leased Equipment (2) | 463,480 | 89,606 | 373,874 | |
| | TOTAL PROPERTY | $ 2,032,704 | $ 409,660 | $ 1,623,044 | |
| II. | Personal Property Included in Above | | | | |
| | A. Equipment (Accounts 52–58) | $ 551,866 | $ 172,860 | $ 379,006 | 23.4% |
| | B. Materials and Supplies (Account 712) | 57,083 | 0 | 57,083 | 3.5% |
| | C. Leased Equipment (2) | 463,480 | 89,606 | 373,874 | 23.0% |
| | D. Fences, Snowsheds and Signs (Account 13) | 2,808 | 2,719 | 89 | 0.0% |
| | E. Communication Systems (Account 26) | 45,565 | 9,005 | 36,560 | 2.2% |
| | F. Signals and Interlockers (Account 27) | 33,747 | 13,227 | 20,520 | 1.3% |
| | G. Roadway Machines (Account 37) | 20,803 | 10,667 | 10,136 | 0.6% |
| | H. Shop Machinery (Account 44) | 21,412 | 5,205 | 16,207 | 1.0% |
| | I. Power Plant Machinery (Account 45) | 1,712 | 1,792 | (80) | 0.0 |
| | TOTAL PERSONALTY | $ 1,198,476 | $ 305,081 | $ 893,395 | |
| | | PERSONAL PROPERTY | 55.04 % | | |
| | | REAL PROPERTY | 44.96 % | | |

NOTES: (1) Includes property owned, leased from others and excludes property leased to others.
(2) Obtained from Assessment Data Report.

## EXHIBIT B

AO 41A
(Rev. 6/79)

### LEDGER

| CASE TITLE OR OFFICE | DOCKET NO. OR AUTHORIZATION NO. |
|---|---|
| Ill-Central Gulf v. Bair | Civ. 83-147-C |

| COMMON ACCOUNT NUMBER (CAN) ☐ 100 ☐ 200 ☐ OTHER (Specify | LOCAL DEPOSITARY (Give Name) |
|---|---|

| DATE | DESCRIPTION | RECEIVED | | DISBURSED | | BALANCE | |
|---|---|---|---|---|---|---|---|
| 9-28-84 | CD iD249029 10.35% due 12/28/84' | 80,114 | 58 | | | 80,114 | 58 |
| 12-28-84 | Int. on CD ID 249029 | 2,067 | 29 | | | 82,181 | 87 |
| 12-28-84 | Rolled over to C.D. 3192969 | | | 82,181 | 87 | --------- | --- |
| 12-28-84 | C.D. 3192969 due 3-28-85 8.25% | 82,181 | 87 | | | 82,181 | 87 |
| 3-28-85 | Int. on 3192969 | 1,671 | 78 | | | 83,853 | 65 |
| 3-28-85 | Rolled to 3193638 | | | 83,853 | 65 | --------- | --- |
| 3-28-85 | C.D.3193638 8% due 6-28-85- 1,690.86 | 83,853 | 65 | | | 83,853 | 65 |
| 6-28-85 | Int. on C.D. 3193638 | 1,690 | 86 | | | 85,544 | 51 |
| 6-28-85 | Rolled to C. D. 3191061 | | | 85,544 | 51 | ----------- | |
| 6-28-85 | C.D.3191061 due 9-28-85 1,509.33 7% | 85,544 | 51 | | | 85,544 | 51 |
| 9-28-85 | Int. on 3191061 | -1,509 | 33 | | | 87,053 | 84 |
| 9-28-85 | Rolled to C. D. 3193281 | | | 87,053 | 84 | --------- | --- |
| 9-28-85 | C.D. 3193281 due ▓▓▓▓▓ Int.1,519.27 87,053 84 | | | | | 87,053 | 84 |

## EXHIBIT C

AO 41A
(Rev. 6/79)

### LEDGER

| CASE TITLE OR OFFICE | DOCKET NO. OR AUTHORIZATION NO. |
|---|---|
| I.C. v. Bair | Civ. 83-147-C   (2) |

| COMMON ACCOUNT NUMBER (CAN) ☐ 100 ☐ 200 ☐ OTHER (Specify | LOCAL DEPOSITARY (Give Name) |
|---|---|

| DATE | DESCRIPTION | RECEIVED | | DISBURSED | | BALANCE | |
|---|---|---|---|---|---|---|---|
| 3-29-85 | C.D.3193624 due 6-29-85 1,615.46 | 80,114 | 58 | | | 80,114 | 58 |
| 7-1-85 | Int. on C. D. 3193624 | 1,615 | 46 | | | 81,730 | 04 |
| | Rolled to C. D. 3191228 | | | 81,730 | 04 | --------- | --- |
| 7-1-85 | C.D. 3191228 due 9-30-85 $1,442.03 | 81,730 | 04 | | | 81,730 | 04 |
| 9-30-85 | Int. on C.D. 3191228 | 1,442 | 03 | | | 83,172.07 | |
| 9-30-85 | Rolled to C.D.3193406 | | | 83,172 | 07 | ----------- | |
| 9-30-85 | C.D. 3193406 due ▓▓▓▓ Int.$1,451.528 3,172 07 | | | | | 83,172 | 07 |

## EXHIBIT D

### ILLINOIS CENTRAL GULF

1984 Revised Iowa Railroad Operating Property Assessment

RE: Personal Property Relief In The State of Iowa

1. 1984 Assessment (Before Equalization)                      $19,254,000
   Personal Property % (See Attached Exhibit)                       41.12%

   Personalty                                                  $ 7,917,245
   Realty                                                       11,336,755

   Total                                                       $19,254,000

2. Personalty With Rollback                                   $ 7,917,245
   (100%—67%=33%)                                                     33%

                                                              $ 2,612,691

|  |  |  |
|---|---|---|
| | Less: Exemption | (175,000) |
| | Taxable Personalty | $ 2,437,691 |
| 3. | Real Property | $11,336,755 |
| | Assessment Limitation | 95.4242% |
| | Taxable Real Property | $10,818,008 |
| 4. | Personalty (From No. 2) | $ 2,437,691 |
| | Realty (From No. 3) | 10,818,008 |
| | Revised Assessment | $13,255,699 |
| 5. | Effective Tax Rate | 2.0515893% |
| | Total Taxes Levied by Counties, divided by Total Assessed Value taxed by Counties (376,938 ÷ 18,372,975) | |
| 6. | Revised Tax (No. 4 × No. 5) | $271,952.50 |
| 7. | First Half 1984 Taxes Billed and Due September 30, 1985 | $188,649.00 |
| 8. | Revised First Half 1984 Taxes Due September 30, 1985 (½ of No. 6) | $135,976.25 |
| 9. | September 30, 1985 Payments | |
| | a. To Counties | $120,865.18 |
| | b. To Court | 65,781.00 |
| | c. Total | $186,646.18 |

ASSESSMENT YEAR 1984

ILLINOIS CENTRAL GULF

Real vs. Personal Property
Allocation Using Schedules 200, 335 and 352 A and B
(Figures Expressed in Thousands)

|  |  | Investment Schedule (1) | Depreciation | Depreciated Costs | % of Total |
|---|---|---|---|---|---|
| I. | Total Original Cost | | | | |
| | A. Road and Equipment | $ 2,506,128 | $ 802,425 | $ 1,703,703 | |
| | B. Materials and Supplies (Account 712) | 48,236 | 0 | 48,236 | |
| | C. Leased Equipment (2) | 475,331 | 136,071 | 339,260 | |
| | TOTAL PROPERTY | $ 3,029,695 | $ 938,496 | $ 2,091,199 | |
| II. | Personal Property Included in Above | | | | |
| | A. Equipment (Accounts 52–58) | $ 535,938 | $ 165,310 | 370,628 | 17.7% |
| | B. Materials and Supplies (Account 712) | 48,236 | 0 | 48,236 | 2.3% |
| | C. Leased Equipment (2) | 475,331 | 136,071 | 339,260 | 16.2% |
| | D. Fences, Snowsheds and Signs (Account 13) | 3,020 | 2,791 | 229 | 0.0% |
| | E. Communication Systems (Account 26) | 50,503 | 7,121 | 43,382 | 2.1% |
| | F. Signals and Interlockers (Account 27) | 46,570 | 16,367 | 30,203 | 1.4% |
| | G. Roadway Machines (Account 37) | 19,525 | 8,878 | 10,647 | 0.5% |
| | H. Shop Machinery (Account 44) | 22,827 | 5,565 | 17,262 | 0.8% |

I. Power Plant Machinery
   (Account 45)      1,819     1,859     (39)    0.0%

   TOTAL PERSONALTY    $. 1,203,769   $   343,961   $   859,808

                    PERSONAL PROPERTY    41.12%

                    REAL PROPERTY       58.88%

NOTES: (1) Includes property owned, leased from others and excludes property leased to others.

         (2) Obtained from Assessment Data Report.